IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| David Caesar, | ) | C/A No. 0:12-316-MGL-PJG |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| Anthony J. Padula, *Warden*, | ) | |
| | ) | |
| Respondent. | ) | |

The Petitioner, David Caesar ("Caesar"), a self-represented state prisoner, brings this action pursuant to 28 U.S.C. § 2254. This matter is before the Court pursuant to 28 U.S.C. § 636(b) and Local Rule 73.02(B)(2) DSC for a Report and Recommendation on the respondent's motion for summary judgment. (ECF No. 9.) Pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), the court advised the petitioner of the summary judgment and dismissal procedures and the possible consequences if he failed to respond adequately to the respondent's motion. (ECF No. 10.) In response to the respondent's motion, Caesar filed a cross motion for summary judgment and a motion for a hearing. (ECF No. 13.) Having carefully considered this matter, the court finds that Caesar's Petition is successive, the respondent's motion should be granted, and Caesar's motions should be denied.

**BACKGROUND**

Caesar was indicted in July 2001 in Sumter County for two counts of armed robbery and one count of possession of a weapon during a violent crime (01-GS-43-543). On November 18-21, 2002, Caesar was tried by a jury and found guilty of one count of armed robbery and possession of a weapon during a violent crime. The circuit court sentenced Caesar to life imprisonment for armed

robbery and five years' imprisonment for possession of a weapon during a violent crime, both sentences to run currently. In the instant Petition, Petitioner asks this court to vacate his sentence.

Petitioner has previously challenged this same conviction and sentence in this court. See Ceasar v. Padula, C/A No. 0:10-486-MBS.[1] Because the petitioner modified the spelling of his last name, however, this fact was not noted during initial review of Caesar's current Petition.

**DISCUSSION**

As noted above, Caesar has previously filed a § 2254 habeas corpus action in this court challenging his 2002 Sumter County conviction and sentence for armed robbery and possession of a weapon during a violent crime. On February 10, 2011, the Honorable Margaret B. Seymour, United States District Judge, issued an order dismissing the petition with prejudice in C/A No. 0:10-486-MBS. Caesar did not timely file a notice of appeal. Instead, on August 19, 2011, Caesar filed a "motion to excuse late filing of notice of appeal," (C/A No. 0:10-486-MBS, ECF No. 48-2), which was denied. Nevertheless, Caesar filed a notice of appeal on August 30, 2011. On November 23, 2011, the United States Court of Appeals for the Fourth Circuit affirmed the district court's ruling that Caesar did not satisfy the requirements for extending or reopening the appeal period and dismissed Caesar's appeal as untimely. (David Ceasar v. A. Padula, No. 11-7167 (4th Cir. Nov. 23, 2011); see also ECF Nos. 8-2 & 8-3.) The mandate was issued on December 15, 2011. (ECF No. 8-6.)

Accordingly, the § 2254 petition in the above-captioned case is subject to dismissal under Rule 9 of the Section 2254 Rules, which states: "Before presenting a second or successive petition,

---

[1] This court may take judicial notice of its own files and records. See Colonial Penn Ins. Co. v. Coil, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the content of court records.' ").



the petitioner must obtain an order from the appropriate court of appeals authorizing the district court to consider the petition as required by 28 U.S.C. § 2244(b)(3) and (4)." Rule 9, Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254.

There is no indication that Petitioner has sought leave from the United States Court of Appeals for the Fourth Circuit to file the § 2254 petition in the above-captioned case. Leave from the United States Court of Appeals for the Fourth Circuit is required under the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214, for filers of successive or second § 2254 petitions.

In response to the respondent's argument that the instant Petition should be dismissed as successive, Caesar appears to argue that dismissal is not warranted because the issues in the instant Petition have never been heard or decided on the merits due to his prior petition being dismissed as untimely pursuant to the one-year federal statute of limitations. Such an argument is unavailing. See McNabb v. Yates, 576 F.3d 1028, 1029 (9th Cir. 2009) ("We hold that the dismissal of a habeas petition as untimely constitutes a disposition on the merits and that a further petition challenging the same conviction would be 'second or successive' for purposes of 28 U.S.C. § 2244(b)."); Pavlovsky v. VanNatta, 431 F.3d 1063, 1064 (7th Cir. 2005) ("The dismissal of a suit as untimely is a dismissal on the merits, and so should ordinarily be made with prejudice, barring relitigation."). Caesar's remaining arguments, even if correct, do not refute the respondent's argument that the instant Petition is successive thus requiring leave from the Fourth Circuit to be considered by this court.

PJG

**RECOMMENDATION**

Accordingly, the court recommends that the respondent's motion for summary judgment (ECF No. 9) be granted and Caesar's motion for summary judgment and motion for a hearing (ECF No. 13) be denied.

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

October 22, 2012
Columbia, South Carolina

*Petitioner's attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).