# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| David Caesar, | ) | |
| | ) | |
| Petitioner, | ) | Civil Action No.: 0:12-316-MGL |
| | ) | |
| v. | ) | **OPINION AND ORDER** |
| | ) | |
| Anthony J. Padula, Warden, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

Petitioner David Caesar, an inmate in the South Carolina Department of Corrections, proceeding pro se seeks habeas corpus relief under Title 28 United States Code, Section 2254. Respondent filed a motion for summary judgment. (ECF No. 9.) On April 9, 2012, Petitioner filed a cross motion for summary judgment and a motion for a hearing. (ECF No. 13.) In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (B)(2)(d), DSC, this matter was referred to United States Magistrate Judge Paige J. Gossett for pre-trial proceedings and a Report and Recommendation ("Report").

This matter now comes before this Court for review of the Report. In the Report, the Magistrate Judge finds that Petitioner's petition is successive and recommends that Respondent's motion should be granted, and Petitioner's motions should be denied. (ECF No. 22.) The Magistrate Judge advised Plaintiff of the procedures and requirements for filing objections to the Report and the serious consequences if he failed to do so.

On November 8, 2012, Petitioner filed objections ("the Objections") to the Report. (ECF No. 27.) Thereafter, the Court reviewed the Report and the Petitioner's Objections. In conducting this review, the Court applies the following standard:

1

The Magistrate Judge only makes a recommendation to the court. It has no presumptive weight, and the Court retains the responsibility for making a final determination. *Mathews v. Weber*, 423 U.S. 261, 269, 96 S.Ct. 549, 46 L.Ed.2d 483 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions.

*Wallace v. Housing Auth. of the City of Columbia*, 791 F.Supp. 137, 138 (D.S.C.1992) (citations omitted).

In his petition, Petitioner raises the following three grounds for relief: 1)Conviction violates South Carolina Code Ann. Sec. 17-25-45; 2) State PCR court failed to allow presentation of additional issues; and 3) Denial of applicant and counsel at chamber conference. (ECF No. 1.) Petitioner seeks to have his conviction vacated. *Id.*

In her Report, the Magistrate Judge found the present petition successive of a prior § 2254 petition filed by Petitioner. As Petitioner has failed to demonstrate an applicable exception to file under 28 U.S.C. 2244(b)(2), and more significantly, failed to seek and obtain Fourth Circuit authorization to file a successive petition pursuant to 28 U.S.C. 2244(b)(3) and (4), the Court must dismiss his application for lack of jurisdiction.

Petitioner filed objections to the Magistrate Judge's recommendations. (ECF No. 27.) He objects to the Magistrate Judge's finding that his current petition is successive. Petitioner argues that the Court should consider the instant petition Petitioner's first petition since the issues in this petition have not been heard or decided on the merits due to his prior petition being dismissed as untimely pursuant to the one-year federal statute of limitations. The Court is not persuaded by Petitioner's argument. *See McNabb v. Yates*, 576 F.3d 1028, 1029 (9th Cir. 2009) ("We hold that the dismissal of a habeas petition as untimely constitutes a disposition on the merits and that a further petition challenging the same conviction would be 'second or successive' for purposes of 28

2

U.S.C. § 2244(b)."). As noted above, and addressed more fully in the Magistrate's Report, 28 U.S.C. § 2244(b)(3) creates a "gatekeeping" procedure that requires authorization from the Fourth Circuit before this Court has jurisdiction to hear successive petitions. *E.g. U.S. v. Key*, 205 F.3d 773, 774 (5th Cir.2000) (holding that " § 2244(b)(3)(A) acts as a jurisdictional bar to the district court's asserting jurisdiction over any successive habeas petition until [the Circuit Court] has granted the petitioner permission to file one.")

THEREFORE, IT IS HEREBY ORDERED that the Magistrate Judge's Report is ADOPTED (ECF No. 22), Petitioner's objections are OVERRULED (ECF No. 27); Respondents Motion for Summary Judgment is GRANTED and Petitioner's motions are DENIED. This petition is DISMISSED.

## Certificate of Appealability

The governing law provides that:

(c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.

(c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies the standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller–El v. Cockrell*, 537 U.S. 322, 336, 123 S.Ct. 1029, 154 L.Ed.2d 931 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir.2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met. Therefore, a certificate of appealability is DENIED.

**IT IS SO ORDERED**.

                                                      <u>/s/ Mary G. Lewis</u>
                                                     United States District Judge

November 27, 2012
Spartanburg, South Carolina