IN THE DISTRICT COURT OF THE UNITED STATES
                              FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| David Caesar, | ) | Civil Action No.: 0:12-316-MGL |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | **OPINION AND ORDER** |
| | ) | |
| Anthony J. Padula, Warden, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

      This matter is currently before the Court on Petitioner David Caesar's ("Petitioner") *pro se* Motion for Relief from Judgment filed pursuant to Federal Rule of Civil Procedure 60(b) ("Rule 60(b)") (ECF No. 32); Petitioner's Amended Motion for Relief from Judgment and for a Hearing (ECF No. 55); Petitioner's Motions for Appointment of Counsel (ECF Nos. 42 & 57); Petitioner's Motions for a Certificate of Appealability (ECF No. 56); and Petitioner's Motion for an Extension of Time to file a response (ECF No. 61). For the reasons that follow, the motions are DENIED.

## BACKGROUND

      On March 2, 2010, Petitioner filed a Petition for a Writ of Habeas Corpus ("2010 Petition"), challenging his convictions for armed robbery and carrying a weapon during a violent crime. (C/A No. 0:10-486-MBS, ECF No. 1). On February 10, 2011, the Honorable Margaret B. Seymour ("Judge Seymour") issued an order dismissing the 2010 Petition with prejudice and denying a certificate of appealability ("COA"). (C/A No. 0:10-486-MBS, ECF No. 45). Judge Seymour found that the 2010 Petition was time barred under the one-year statute of limitations applicable to 28 U.S.C. § 2254 habeas petitions. Petitioner did not timely file a notice of appeal. Instead, on August 19, 2011, Petitioner filed a "motion to excuse late filing of notice of appeal," (C/A No. 0:10-486-MBS, ECF No. 48-2), which was

denied due to Petitioner's failure to satisfy the "mandatory and jurisdictional" time limits of Rule 4 (a)(6)(b) of the Federal Rules of Civil Procedure. On August 30, 2011, Petitioner filed a notice of appeal. (C/A No. 0:10-486-MBS, ECF No. 51). On November 23, 2011, the United States Court of Appeals for the Fourth Circuit affirmed the District Court's ruling that Petitioner did not satisfy the requirements for extending or reopening the appeal period and dismissed Petitioner's appeal as untimely. (*David Caesar v. A. Padula*, No. 11-7167 (4th Cir. Nov. 23, 2011)). The mandate was issued on December 15, 2011. (C/A No. 0:10-486-MBS, ECF No. 56).

On February 2, 2012, Petitioner filed a second Petition for a Writ of Habeas Corpus ("2012 Petition"). (ECF No. 1). Respondent made a Return and filed a Motion for Summary Judgment arguing that he was entitled to summary judgment because Petitioner filed the 2012 Petition without obtaining permission from the Fourth Circuit Court of Appeals pursuant to 28 U.S.C. § 2244(b)(3) and (4). (ECF Nos. 8 & 9). On November 28, 2012, this Court dismissed Petitioner's 2012 Petition as a successive petition and this Court denied Petitioner's request for a COA. (ECF No. 29). On December 17, 2012, Petitioner filed a Notice of Appeal (ECF No.33) as well as a Rule 60(b)(5) Motion for Relief from Judgment. (ECF No. 32). Petitioner's Rule 60(b)(5) motion was based upon the recent Supreme Court case of *Martinez v. Ryan*, ____U.S ___ 132 S.Ct. 1309, 182 L.Ed.2d 272 (2012), which held that ineffectiveness of post-conviction counsel may serve to excuse the procedural default of claims alleging trial counsel's ineffectiveness. Petitioner believes that *Martinez* provides a proper ground for this Court to reopen his federal habeas proceeding. Respondent opposes the Rule 60(b)(5) motion and asserts *inter alia* that the Rule 60(b)(5) motion should be construed as an attempt to file another successive petition.

## DISCUSSION

**Rule 60(b)**

Federal Rule of Civil Procedure 60(b) entitles the moving party to relief from judgment in a limited number of circumstances. *Gonzalez v. Crosby*, 545 U.S. 524, 528, 125 S.Ct. 2641, 162 L.Ed.2d 480 (2005). Here, Petitioner seeks relief pursuant to Rule 60(b)(5) which provides that a party may file a motion for relief from a final judgment if: (1) the judgment has been satisfied, released or discharged; (2) a prior judgment upon which it is based has been reversed or vacated; or (3) it is no longer equitable that the judgment should have prospective application. *See* Fed. R. Civ. P. 60(b)(5). In this action, Petitioner's judgment has not been satisfied, released, discharged, reversed or vacated. Nor has Petitioner argued such. Therefore, the first two sections of Ruled 60(b)(5) do not apply to Petitioner's case. Likewise, the final section of Rule 60(b)(5) does not apply to Petitioner's case. A court can modify a judgment if its prospective application is no longer equitable. However, the judgment at bar is the denial of habeas relief, and that judgment is not prospective within the meaning of Rule 60(b)(5). *See Cincinnati Ins. Co. v. Flanders Elec. Motor Serv.*, 131 F.3d 625, 630 (7th Cir. 1997) ("judgments are prospective when they are 'executory' or 'involve the supervision of changing conduct or conditions'" . . . "that a court's action has continuing consequences, however, does not necessarily mean that it has 'prospective application' for the purposes of Rule 60(b)(5)"); *see also United States v. Dansbury*, Crim. No. 891562, 1996 WL 592645, at *3 (E.D. Pa. Oct.15, 1996) (*citing* 11 Charles A. Wright et al., Federal Practice and Procedure § 2683, at 337–38 (2d ed. 1995) (Rule 60(b)(5) "applies to any judgment that has prospective effect as contrasted with those that offer a present

remedy for a past wrong")).  Here the final judgment was the denial of habeas relief.  This is not executory nor does it involve the supervision of changing conduct or conditions.  Thus, the Court concludes that Petitioner's Motion for Relief from Judgment does not satisfy or meet the criteria necessary to be considered as a Rule 60(b)(5) motion, but instead is best construed as a successive petition.

**Successive Petitions**

Title 28 U.S.C. § 2244(b)(1) and (2) authorizes dismissal of "successive" habeas corpus petitions and § 2244(b)(3) directs a petitioner filing a "second or successive" habeas to obtain authorization from the appropriate Court of Appeals before filing the petition in District Court. For habeas petitioners, Rule 60(b) may not be used to avoid the prohibition set forth in 28 U.S.C. § 2244(b) against a second or successive habeas petition.  In *Gonzalez v. Crosby*, 545 U.S. 524, 125 S.Ct. 2641, 162 L.Ed.2d 480 (2005), the Court explained that a Rule 60(b) motion constitutes a second or successive habeas petition when it advances a new ground for relief or "attacks the federal court's previous resolution of a claim on the merits." *Id.* at 532.  As set forth previously, Petitioner's 2010 Petition was dismissed as time-barred.  (C/A No. 0:10-486-MBS).  The dismissal of Petitioner's first Petition as time-barred was a decision on the merits for purposes of determining whether a subsequent petition is a second or successive petition.  *See Plaut v. Spendthrift Farm, Inc.*, 514 U.S. 211, 228, 1115 S.Ct. 1447, 131 L.Ed.2d 328 (1995) ("The rules of finality, both statutory and judgemade, treat a dismissal on statute-of-limitations grounds the same way they treat a dismissal for failure to state a claim, for failure to prove substantive liability, or for failure to prosecute: as a judgment on the merits."); *Murphy v. Klein Tools, Inc.*, 935 F.2d 1127, 1128–29 (10th Cir.1991) (holding that "a dismissal on limitations grounds is a

judgment on the merits"); *McNabb v. Yates*, 576 F.3d 1028, 1029 (9th Cir.2009) ("We hold that the dismissal of a habeas petition as untimely constitutes a disposition on the merits and that a further petition challenging the same conviction would be 'second or successive' for purposes of 28 U.S.C. § 2244(b). Here, Petitioner asks the Court to reinstate or reopen his 2012 Petition and consider the merits of his claims that he could have presented in his 2010 Petition that was found time-barred. A motion to reinstate or reopen a prior petition is treated as a successive petition. *Wigfall v. McCall,* 2012 WL 4981382 (D.S.C. Oct. 17, 2012)*; See Gonzalez v. Crosby*, 545 U.S. 524, 530–31, 125 S.Ct. 2641, 162 L.Ed.2d 480 (2005) (holding Rule 60(b) motions are treated as successive habeas petitions); *United States v. MacDonald*, 979 F.Supp. 1057, 1068 (E.D.N.C.1997) (stating a motion to reopen is akin to a successive habeas petition).

Petitioner contends that the decision in *Martinez* was a "change in the law" that entitles him to a hearing on his 2012 Petition. *Martinez*, however, was an equitable ruling and does not establish a new rule of constitutional law. Nothing in the *Martinez* decision suggests that the one-year statute of limitations or restrictions on successive petitions are now to be ignored on equitable grounds. *See Kingsberry v. Maryland*, No. AW12–1556, 2012 U.S. Dist. LEXIS 77746, at *2–3, 2012 WL 2031991 (D.Md. June 4, 2012) ("*Martinez* did not address equitable tolling in the context of ineffective assistance of counsel"); *Heard v. Hobbs*, No. 5:12CV00091, 2012 U.S. Dist. LEXIS 68344, at *1–2 (E.D.Ark. May 16, 2012) (citing court's ruling in petitioner's related case finding that "the holding in *Martinez* in no way relates to timeliness of a federal habeas petition"). As such, Petitioner's reliance on *Martinez* is misplaced.

Accordingly, the Court concludes that Petitioner's Rule 60(b)(5) motion constitutes

5

a successive § 2254 petition. Thus, this Court may not consider the merits of Petitioner's claims in his Rule 60(b)(5) motion (ECF No. 32) because he failed to certify his motion with the Fourth Circuit Court of Appeals before filing it in the District Court and the motion is DISMISSED for lack of jurisdiction by this Court. The Court now considers Petitioner's Amended Motion for Relief from Judgment and request for a Hearing.

### Amended Motion for Relief from Judgment and Request for a Hearing

On June 24, 2013, Petitioner filed an Amended Motion for Relief from Judgment and Request for Hearing. (ECF No. 55). For the same reasons that Petitioner's 60(b)(5) Motion for Relief from Judgment is dismissed as successive, so is Petitioner's Amended Motion for Relief. (ECF No. 55).

In the Amended Motion for Judgment, Petitioner asks the Court to reopen his 2012 Petition based upon the United States Supreme Court's decision in *McQuiggin v. Perkins*, ___U.S. ___,133 S.Ct 1924, 185 L.Ed.2d 1019 (2013). (ECF No. 44 at 2). In McQuiggin, the United States Supreme Court held that actual innocence can serve as a gateway whereby a petitioner can pass through the expiration of the statute of limitations. Petitioner refers the Court to the dictum in *McQuiggin* as support for this motion. *McQuiggin* provides no relief for Petitioner. First, Petitioner does not assert that he is innocent. Second, dictum is not law. *See Whittlestone, Inc. v. Handi-Craft Co.* 2012 WL 3939629 (N.D. Cal, 2012). Petitioner's Amended Motion for Relief from Judgment Denied. The Court now turns to Petitioner's request for an evidentiary hearing.

A habeas petitioner is not entitled to an evidentiary hearing as a matter of right. The Court need only hold such a hearing if the petitioner "'present[s] a *colorable* claim' to relief, by showing that . . . alleged additional [disputed material] facts, if true, would at least

6

arguably compel the granting of the writ." *Poyner v. Murray*, 964 F.2d 1404, 1422 (4th Cir. 1992) (*quoting Becton v. Barnett*, 920 F.2d 1190, 1195 (4th Cir. 1990)) (emphasis in original). Because the Court has found that Petitioner's 2012 Petition is a successive petition, an evidentiary hearing on the substantive merits would serve no purpose. Petitioner's request for an evidentiary hearing is therefore DENIED (ECF No. 55). The Court next considers Petitioner's motions for appointment of counsel.

**Motions to Appoint Counsel**

Petitioner moves pursuant to 28 U.S.C. § 1915(e)(1) for appointment of counsel. (ECF Nos. 42 & 57). At the outset, the Court notes that there is no constitutional right to have counsel appointed in a civil case. *Whisenant v. Yuam*, 739 F.2d 160, 163 (4th Cir. 1984). This Court has discretion to appoint counsel for an indigent in a civil action. 28 U.S.C. § 1915(d); *Smith v. Blackledge*, 451 F.2d 1201, 1203 (4th Cir. 1971). After a review of the pleadings and other documents filed, the Court finds that this is not the type of case that presents factors that clearly reflect a need for the Petitioner to have counsel appointed. The case itself is not atypically complex and the Petitioner has shown himself more than able to represent his interests to this point in the lawsuit. The Petitioner's participation in this case, thus far, has been more than adequate. Thus, Petitioner's Motions for Appointment of Counsel (ECF Nos. 42 & 57) are denied.

**Motion for Certificate of Appealability**

A COA may issue only if the applicant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c). A prisoner satisfies this standard by demonstrating that reasonable jurists would find this Court's assessment of his constitutional claims to be debatable or wrong and that any dispositive procedural ruling by the District

Court is likewise debatable.  *See, e.g., Miller–El v. Cockrell*, 537 U.S. 322, 336, 123 S.Ct. 1029, 154 L.Ed.2d 931 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir.2001).  In this matter, the legal standard for the issuance of a COA has not been met.  Therefore, the Court DENIES Petitioner's Motion for a COA. (ECF No.  56).

## CONCLUSION

Having considered the motions and responses filed, the record and the applicable law, the Court has determined that Petitioner's Motion for Relief from Final Judgment filed pursuant to Federal Rule of Civil Procedure 60(b)(5) (ECF No. 32) is DENIED; Petitioner's Amended Motion for Relief from Judgment and for a Hearing (ECF No. 55) is DENIED; Petitioner's Motions for Appointment of Counsel  (ECF Nos. 42 & 57) are DENIED; Petitioner's Motion for a Certificate of Appealability (ECF No. 56) is DENIED and Plaintiff's Motion for an Extension of Time to File a Response (ECF No. 61) is DENIED.

IT IS SO ORDERED.

/s/Mary G. Lewis
United States District Judge

September 3, 2013
Spartanburg, South Carolina